

Rick Erb 6-2663
RICHARD A. ERB, JR., PC
PO Box 36
Gillette, WY 82717
(307) 682-0215
(307) 682-1339 fax
rick@rickerb.com

**FILED**

**Margaret Botkins**
**Clerk of Court**

4:30 pm, 4/7/25

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Michele Navarro, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Anschutz Exploration Corporation,<br><br>Defendant. | Civil Action No. 25-CV-93-ABJ<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S CLASS ACTION COMPLAINT**
**& DEMAND FOR JURY TRIAL**

Plaintiff Michele Navarro ("Plaintiff"), for herself and all others similarly situated, files this Class Action Complaint against Anschutz Exploration Corporation ("Anschutz" or "Defendant"). Plaintiff alleges and asserts the following against Defendant:

### SUMMARY

1. This class action concerns Anschutz's violations of Wyoming law related to the interest owed on untimely payments of oil-and-gas proceeds.

2. Wyoming statute requires oil-and-gas operators like Anschutz to pay proceeds derived from oil-and-gas production not later than six months after the first day of the month

following the date of first sale and thereafter not later than sixty days after the end of the calendar month within which the oil-and-gas production is sold. *See* WYO. STAT. § 30-5-301.

3. "In instances where payment cannot be made for any reason" within these timelines, operators like Anschutz must "deposit all proceeds credited to the eventual interest owner to an escrow account in a federally insured bank or savings and loan institution in Wyoming…." *Id.* § 30-5-302.

4. When operators like Anschutz fail to timely place proceeds in escrow, that failure makes "them liable for interest pursuant to the statute," regardless of reason why the proceeds were escrowed. *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991).

5. When an operator fails to timely pay or escrow within those statutory timelines, Wyoming law requires that the operator pay owners interest at the rate of eighteen percent (18%) per annum.

6. Anschutz has not automatically paid interest on proceeds paid beyond the timelines in the Wyoming Royalty Payment Act.

7. Plaintiff brings this class action to recover damages for herself and all similarly situated owners who received untimely payments from Anschutz, or whose proceeds were untimely sent to escrow by Anschutz, and whose payments or escrowed proceeds did not include the 18% interest required by Wyoming law.

**PARTIES**

8. Plaintiff Michele Navarro is domiciled in California.

9. Anschutz is a Delaware corporation with its principal place of business located in Denver, Colorado.

2

10. Upon information and belief, Anschutz operates hundreds of oil-and-gas wells in Wyoming.

11. Anschutz may be served with process by serving its registered agent: CT Corporation System, 2232 Dell Range Blvd, Suite 200, Cheyenne, Wyoming 82009.

## JURISDICTION & VENUE

12. The preceding allegations are fully incorporated by reference.

13. This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because members of the class and Defendant are citizens of different states.

14. This Court has personal jurisdiction over Anschutz because it has minimum contacts with this district related to the claims in this case.

15. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the of the events giving rise to the class claims occurred within this district.

## STATUTORY BACKGROUND
## THE WYOMING ROYALTY PAYMENT ACT

16. The preceding allegations are fully incorporated by reference.

17. Wyoming enacted the Wyoming Royalty Payment Act ("WRPA") in 1982.

18. The WRPA imposes deadlines for the payment of oil-and-gas proceeds:

> The **proceeds** derived from the sale of production from any well producing oil, gas or related hydrocarbons in the state of Wyoming **shall be paid** to all persons legally entitled thereto, except as hereinafter provided, commencing **not later than six (6) months after the first day of the month following the date of first sale** and **thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold**….

WYO. STAT. § 30-5-301(a) (emphasis added).

19. "In instances where payment cannot be made for any reason," payors must send those proceeds to an escrow account. Wyo. Stat. § 30-5-302.

20. The same timelines in Section 30-5-301(a) apply to the escrow requirement of Section 305-302, and when payors fail to timely escrow proceeds, that failure makes "them liable for interest pursuant to the statute." *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991).

21. The WRPA requires interest to be paid when payments are made beyond the statutory deadlines:

> **Any lessee or operator**, purchaser or other party **legally responsible for payment who violates the provisions of this article is liable** to the person or persons legally entitled to proceeds from production **for the unpaid amount of such proceeds, plus interest at the rate of eighteen percent (18%) per annum** on the unpaid principal balance from the due date specified in W.S. 30-5-301(a).

*Id.* § 30-5-303(a) (emphasis added).

22. Stated differently, when an operator like Anschutz fails to pay proceeds or fails to escrow within six months after the first day of the month following the date of first sales, the operator owes 18% interest per annum on the late payment. And, for production subsequent to first sales, operators like Anschutz must pay 18% interest per annum on direct or escrow payments of proceeds made sixty days after the date of production.

23. The WRPA contains no notice or demand requirement before an owner is entitled to statutory interest.

24. As the Wyoming Supreme Court has explained, the WRPA "is a remedial statute . . . to be liberally construed." *Moncrief*, 816 P.2d at 105.

25. In enacting the WRPA, the Wyoming legislature evinced its "obvious intent to stop oil producers from retaining other people's money for their own use." *Id.* (quoting *Indep. Producers Mktg. Corp. v. Cobb*, 721 P.2d 1106, 1110 (Wyo. 1986)).

26. When it comes to liability under the WRPA, "Equity is not a factor for consideration because **there are no exceptions** in the [WRPA] providing justification for royalty nonpayment." *Cities Serv. Oil and Gas Corp. v. State*, 838 P.2d 146, 156 (Wyo. 1992) (emphasis added).

27. Payment-timing statutes like the WRPA are common in oil-and-gas producing state, and such statutes were enacted in response to the abusive practices of oil-and-gas operators, who "routinely suspended royalties and delayed payment for many months or even years to take advantage of the interest earned during the float between the receipt of sales proceeds and disbursement of royalties." Si M. Bondurant, *To Have and to Hold: the Use and Abuse of Oil and Gas Suspense Accounts*, 3 Okla. City U.L. Rev. 1, 18 (2006).

28. The WRPA "is perhaps the strongest of the 'no excuses' Acts." *Id*. at 20.

### FACTUAL ALLEGATIONS

29. The preceding allegations are fully incorporated by reference.

30. Plaintiff owns, *inter alia*, interests in oil and gas produced from the following oil-and-gas wells which are located in Campbell County, Wyoming: POOCH FED 4271-28-26-8 TH, POOCH FED 4271-28-26-1N NH, POOCH FED 4271-28-26-8N NH, POOCH FED 4271-28-26-8S NH (collectively, the "Pooch Wells"), FURBALL FED 4271-28-26-16N NH, and FURBALL FED 4271-28-35-1N NH (collectively, the "Furball Wells").

31. Anschutz operates the Pooch Wells and Furball Wells:

| Api | Company | Well Name | Qtr/Qtr | Sec | Township | Range | Footage | Status |
|---|---|---|---|---|---|---|---|---|
| 49-005-78160 | ANSCHUTZ EXPLORATION CORPORATION | POOCH FED 4271-28-26-1N NH | NE NE | 28 | 42 North | 71 West | 1271 FNL and 754 FEL | FL |
| 49-005-78161 | ANSCHUTZ EXPLORATION CORPORATION | POOCH FED 4271-28-26-1S NH | NE NE | 28 | 42 North | 71 West | 1271 FNL and 754 FEL | EP |
| 49-005-78162 | ANSCHUTZ EXPLORATION CORPORATION | POOCH FED 4271-28-26-8 TH | NE NE | 28 | 42 North | 71 West | 1331 FNL and 757 FEL | FL |
| 49-005-78163 | ANSCHUTZ EXPLORATION CORPORATION | POOCH FED 4271-28-26-8N NH | NE NE | 28 | 42 North | 71 West | 1291 FNL and 755 FEL | FL |
| 49-005-78164 | ANSCHUTZ EXPLORATION CORPORATION | POOCH FED 4271-28-26-8S NH | NE NE | 28 | 42 North | 71 West | 1311 FNL and 756 FEL | FL |

| Api | Company | Well Name | Qtr/Qtr | Sec | Township | Range | Footage | Status |
|---|---|---|---|---|---|---|---|---|
| 49-005-78240 | ANSCHUTZ EXPLORATION CORPORATION | FURBALL FED 4271-28-26-16 TH | SE SE | 28 | 42 North | 71 West | 1325 FSL and 437 FEL | EP |
| 49-005-78236 | ANSCHUTZ EXPLORATION CORPORATION | FURBALL FED 4271-28-26-16N NH | SE SE | 28 | 42 North | 71 West | 1273 FSL and 470 FEL | FL |
| 49-005-78234 | ANSCHUTZ EXPLORATION CORPORATION | FURBALL FED 4271-28-26-9N NH | NE SE | 28 | 42 North | 71 West | 1382 FSL and 456 FEL | EP |
| 49-005-78237 | ANSCHUTZ EXPLORATION CORPORATION | FURBALL FED 4271-28-26-9S NH | NE SE | 28 | 42 North | 71 West | 1362 FSL and 449 FEL | EP |
| 49-005-78235 | ANSCHUTZ EXPLORATION CORPORATION | FURBALL FED 4271-28-35-1N NH | SE SE | 28 | 42 North | 71 West | 1253 FSL and 469 FEL | GL |

*See* WYO. OIL AND GAS CONSERVATION COMM'N, https://pipeline.wyo.gov/ (last visited Apr. 7, 2025).

32. Anschutz remits proceeds to Plaintiff for her interests in the Pooch Wells and Furball Wells.

33. Upon information and belief, first sales of production from the Pooch Wells and Furball Wells occurred in February 2024.

34. Anschutz failed to pay Plaintiff the proceeds to which she is entitled within six (6) months after the first day of the month following the date of first sales of oil or gas from the Pooch Wells and Furball Wells.

35. For example, for oil and gas produced and sold from the Pooch Wells and Furball Wells in February 2024, Anschutz didn't remit proceeds to Plaintiff until December 2024.

36. When Anschutz paid February 2024 proceeds for the Pooch Wells and Furball Wells to Plaintiff in December 2024, Anschutz did not include interest.

## CLASS ACTION ALLEGATIONS

37. The preceding allegations are fully incorporated by reference.

38. Plaintiff brings this action on behalf of herself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities owning interests in Wyoming oil and gas wells who:
>
> (1) received payments from Anschutz for proceeds of Wyoming oil or gas production, or whose proceeds for Wyoming oil or gas production were sent to escrow by Anschutz, later than six months after the first day of the month following the date of first sale or later than sixty days after the end of the calendar month within which subsequent production was sold; and
>
> (2) such payments or escrowed amounts did not include 18% interest.
>
> Excluded from the Class are: (1) Anschutz, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Wyoming.

39. Upon information and belief, there are thousands of absent Class members entitled to interest on late payments made by Anschutz.

40. Anschutz operates at least several hundred wells in Wyoming, and each well typically has one dozen owners or more.

41. The Class is so numerous that joinder of all members is impracticable.

42. The questions of fact and law common to the Class include:

   a. Whether Plaintiff and the Class own legal interests in the Wyoming acreages for which Anschutz has an obligation to pay proceeds derived from the sale of oil-and-gas production;

   b. Whether, under Wyoming law, Anschutz owed interest to Plaintiff and the Class on any untimely payments or escrow of proceeds derived from the sale of oil-and-gas production;

      c.    Whether Anschutz's failure to pay interest to Plaintiff and the Class on any untimely payments or escrowed proceeds constitutes a violation of Wyoming statute; and

      d.    Whether Anschutz is obligated to pay interest on future untimely payments or escrowed proceeds.

43.    Plaintiff's claims are typical of the Class because each Class member's claims are identical.

44.    Anschutz treated Plaintiff and the Class in the same way by failing to pay the required interest on untimely payments or escrowed proceeds.

45.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

46.    The factual allegations and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

47.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

      a.  The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

      b.  To Plaintiff's knowledge, there is no pending litigation by any individual Class member with the same scope of Class membership sought in this Complaint against Defendant relating to its failure to pay interest owed on the untimely payment or escrow of proceeds derived from the sale of oil and gas production as required by Wyoming law;

      c.  All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

    d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

    e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Anschutz, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Anschutz.

## CAUSE OF ACTION

### Violation of the Wyoming Royalty Payment Act

48. The preceding allegations are incorporated by reference.

49. Plaintiff brings this cause of action on behalf of herself and the Class.

50. Plaintiff and the Class were legally entitled to the payments of proceeds derived from the sale of oil and gas production from Anschutz for production from wells operated by Anschutz in Wyoming.

51. WYO. STAT. § 30-5-301(a) requires Anschutz to pay owners within six (6) months after the first day of the month following the date of first sales of oil or gas, and thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold. And if Anschutz is unable to make those payment timelines for any reason, Anschutz must timely escrow those proceeds.

52. When Anschutz fails to pay owners or escrow within such time frame, WYO. STAT. § 30-5-303(a) requires Anschutz to pay owners 18% interest per annum when the payment or escrow is eventually made.

53. Anschutz held proceeds belonging to Plaintiff and the Class, and Anschutz failed to timely pay or escrow proceeds for Plaintiff and the Class.

54. When Anschutz eventually paid or escrowed these proceeds, it did not pay the 18% interest per annum required by Wyoming statute.

55.     Anschutz's failure to pay interest owed on the untimely payments has harmed Plaintiff and the Class.

## DEMAND FOR JURY TRIAL

56.     Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An Order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Anschutz to pay Plaintiff and the Class members damages for Anschutz's breaches and unlawful conduct to the full extent permitted by law, including application of the United States rule for interest;

3. An order requiring Anschutz to pay interest in the future, as required by law, to Plaintiff and the Class;

4. An order requiring Anschutz to pay the Class's attorney fees and litigation costs as provided by statute; and

5. Such costs and other relief as this Court deems appropriate.

Respectfully Submitted,

*/s/ Rick Erb*
Rick Erb 6-2663
RICHARD A. ERB, JR., PC
PO Box 36
Gillette, WY 82717
(307) 682-0215
(307) 682-1339 fax
rick@rickerb.com

–and–

Reagan E. Bradford, OBA #22072*
Ryan K. Wilson, OBA #33306*

*pro hac vice* forthcoming
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
(405) 698-2770
(405) 234-5506 fax
reagan@bradwil.com
ryan@bradwil.com